## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Magistrate Docket No. |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATION OF: |
| v. | ) | '08 MJ 0913 |
| Efrain CORNEJO-Segura | ) | Title 8, U.S.C., Sec. 1324(a)(2)(B)(ii) |
| | ) | Bringing in Alien(s) For Financial Gain |
| | ) | (Felony) |
| | ) | Title 18, U.S.C., Section 2 |
| | ) | Aiding and Abetting |
| | ) | (Felony) |
| Defendant | ) | |

The undersigned complainant being duly sworn states:

### COUNT ONE

That on or about March 22, 2008, within the Southern District of California, defendant, Efrain CORNEJO-Segura did knowingly and in reckless disregard of the fact that aliens, namely: Maria de Jesus MEDINA-Sanchez, Eleuterio MEDINA-Sanchez, and Maria GONZALEZ-Figueroa, had not received prior official authorization to come to, enter and remain in the United States, did willfully bring to and attempt to bring to the United States such aliens, a felony, in that the defendant committed the offense for the purpose of commercial advantage and private gain in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
Signature of Complainant

Senior Patrol Agent
Official Title

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 24th DAY OF MARCH, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

# PROBABLE CAUSE STATEMENT

I, Senior Patrol Agent Juan A. Davila, declare under penalty perjury, the following is true and correct:

These facts are based on my personal participation in this investigation and on written and oral statements received from other law enforcement officers. I submit that the facts contained in this statement demonstrate that the probable cause exists to believe that the Defendants named in the attached complaint committed the crimes charged in the complaint.

The complainant states that he believes that said aliens are citizens of a country other than the United States; that said aliens have admitted that they are deportable as defined in Title 8, United States Code, Section 1229(c); that it is impractical to secure their attendance at the trail thereof by subpoena; and that they are material witnesses in relation to this charge and should be held or admitted to bail as prescribed in Title 8, United States Code, Section 1227(d).

On March 22, 2008 at approximately 0445 hours the United Sates Coast Guard encountered a vessel on the Pacific Ocean approximately two nautical miles south of Point Loma, in San Diego, California. After initial contact with the subjects on board the vessel, U.S. Coast Guard Officers interviewed Efrain CORNEJO-Segura, the operator of the vessel. CORNEJO stated that he was lost and looking for the "Coronado Islands" in Mexico at the time of the encounter with Coast Guard. All subjects appeared to be of Hispanic decent and were believed to be in the U.S. illegally. The vessel and the occupants were taken to the U.S. Coast Guard San Diego Sector Pier. Coast Guard notified the duty agent for the San Diego Marine Task Force (MTF) to advise them of the incident.

Upon arrival at the Coast Guard base, Customs and Border Protection Marine Interdiction Agent Michael Cross determined that all subjects were citizens and nationals of Mexico. All eleven subjects were taken to the Imperial Beach Border Patrol Station for further processing. At approximately 1130 hours, all subjects were entered into ENFORCE to determine any previous immigration and or criminal histories. After interviewing all subjects regarding the maritime smuggling event, only three were held as material witnesses; Maria de Jesus MEDINA-Sanchez, Eleuterio MEDINA-Sanchez, and Maria GONZALEZ-Figueroa.

All three material witnesses held were related, Maria MEDINA and Eleuterio are brother and sister and Maria GONZALEZ is the common law wife of Eleuterio MEDINA. All three subjects made the arrangements to enter the country illegally through a brother Hector MEDINA-Sanchez that currently lives in King City, California. Hector MEDINA was also the sponsor for all three subjects and the coordinator for the smuggling arrangements. According to Eleuterio MEDINA his brother Hector was going to pay $5,000 U.S each for him, Maria MEDINA and Maria GONZALEZ to be smuggled.

All three subjects stated that on the day of the smuggling event they were in "Hotel Quino" in Tijuana, Baja California, Mexico. They were taken by taxi to the marina in Salinas, Rosarito, Mexico. When they arrived at the marina the passenger of the vehicle (also acting as co-pilot) exited the vehicle and was talking with CORNEJO the operator of the vessel. All subjects exited

the vehicle and walked behind CORNEJO towards the vessel they were going to be smuggled in. CORNEJO directed them to sit on different parts of the vessel before they could leave the dock. When the aliens boarded the vessel, no life-jackets were given to them or the seven other subjects that were being smuggled even though at the time of apprehension there were six life-jackets on board. They stated that no food or water were provided or present during the smuggling event and that they were told it would take approximately two to three hours for them to get to their destination.

All three subjects stated in a videotaped sworn statement that they feared for their life during their time at sea. They believed that the small vessel would possibly turn over and they would lose their lives in the process. When asked if they were able swimmers none of them had any experience swimming in the open sea and would have not survived if any accident would have happened. All three subjects were asked to look at a photo line-up identified as "A" and all three of them were able to positively identify CORNEJO as the operator of the vessel.

On the same above date, Efrain CORNEJO-Segura was read his Miranda Rights by Senior Patrol Agent Juan A. Davila in the Spanish language and witnessed by Special Agent Chad Hoffman at the Imperial Beach Border Patrol Station processing area interview room. CORNEJO stated that he understood his rights and was willing to voluntarily speak to us regarding the smuggling event. CORNEJO stated that he had made arrangements with a man by the name of "Roberto" (no known last name) about taking a group of people on a vessel from Rosarito, Mexico, to an area near National City, California in the San Diego Bay.

CORNEJO knew that the people were citizens of Mexico attempting to enter the United States illegally through the open sea. CORNEJO stated that he departed from a marina in Mexico and was en-route to National City, California. CORNEJO also stated that he was going to earn approximately $5,000 U.S. for delivering all of the subjects to pre-determined location. CORNEJO said that he knew that it was dangerous for all eleven people to be on board the vessel at the same time and especially without life-jackets.

Executed on March 23, 2008, at 1:14 A.M.

Juan A. Davila
Senior Patrol Agent

On the basis of the facts presented in this probable cause statement consisting of 2 pages, I find probable cause to believe that the defendant(s) named to this probable cause statement committed the offense on March 22, 2008, in violation of Title 8 United States Code, Section(s) 1324(a)(2)(B)(ii) - Bringing in Aliens for Financial Gain and Title 18, United States Code, Section 2 - Aiding and Abetting.

United States Magistrate Judge

3/23/08, 0743hrs
Date/Time